**COMMONWEALTH of Pennsylvania,**
**Appellee**

v.

**Robert James O'BRIEN, Appellant.**

Superior Court of Pennsylvania.

Submitted Oct. 29, 2007.

Filed Dec. 18, 2007.

Robert Francis Bernathy, Hawley, for appellant.

Michael P. Lehutsky, Asst. Dist. Atty., for Com., appellee.

Before: BENDER, McCAFFERY and TAMILIA, JJ.

Opinion by TAMILIA J.

¶ 1 Robert James O'Brien appeals from the May 10, 2007, judgment of sentence imposing a fine of $150 after the court found him guilty of disorderly conduct.[1] The relevant facts and procedural history of this case are as follows.

¶ 2 On May 1, 2006, the victim, Joseph Piconi, was driving near his home on Shafran Drive in Lake Ariel, Pennsylvania, looking for his dog. N.T., 4/17/07, at 5–6.

Shafran Drive is a private road providing access to the community's residents and their invitees. *Id.* Appellant approached the victim, used profane language, reached through an open window in the victim's vehicle, removed the victim's gloves from the dashboard and then used then to slap the victim. *Id.* at 6–7, 10. Appellant subsequently was issued non-traffic citations for harassment and disorderly conduct. Following a summary hearing at which he was found guilty of disorderly conduct, appellant filed a summary appeal in the Wayne County Court of Common Pleas. A hearing was held on April 17, 2007, and appellant subsequently was found guilty. Record, Nos. 1, 14. As previously stated, appellant was ordered to pay a fine of $150 on May 10, 2007; this timely appeal followed. Record, Nos. 9, 11.

¶ 3 Appellant raises only one issue for our review:

I. Is the evidence sufficient to sustain the verdict of guilty of disorderly conduct where the conduct did not occur in a public place or cause public inconvenience, annoyance or alarm and where there is no evidence that the Defendant intended to cause or recklessly create a risk thereof?

Appellant's brief at 4.

¶ 4 Our standard of review in assessing a challenge to the sufficiency of the evidence is well-settled.

The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying [the above] test, we may not weigh the evi-

---

1. 18 Pa.C.S.A. § 5503(a)(1).

dence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the trier of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

*Commonwealth v. DiStefano*, 782 A.2d 574, 582 (Pa.Super.2001) (citations and quotations omitted).

¶ 5 A person will be found guilty of disorderly conduct "if, with intent to cause public inconvenience, annoyance or alarm, or recklessly creating a risk thereof, he: (1) engages in fighting or threatening, or in violent or tumultuous behavior; (2) makes unreasonable noise; (3) uses obscene language, or makes an obscene gesture; or (4) creates a hazardous or physically offensive condition by any act which serves no legitimate purpose of the actor." 18 Pa.C.S.A. § 5503, **Disorderly conduct,** (a) **Offense defined.** The term "public" is defined as "a place to which the public or a substantial group has access," including, *inter alia,* "highways, transport facilities, schools, prisons, apartment houses, places of business or amusement, any neighborhood, or any premises which are open to the public." *Id.,* § 5503(c) **Definition.**

¶ 6 As the trial court noted, in *Commonwealth v. Whritenour*, 751 A.2d 687 (Pa.Super.2000), this Court upheld a defendant's conviction for disorderly conduct, despite the fact the road on which he was arrested was located in a private and gated community. *See* Trial Court Opinion, Conway, S.J., 5/10/07, at 1. In *Whritenour*, we found the "public" elements of disorderly conduct were satisfied, noting:

> [T]he argument is that the road in question was located in a private community, which necessarily excludes the public, and is accessible only to residents or those present by permission of a resident. However, the road was located in a neighborhood, whatever its legal constitution, and was traversed by members of the community and their invitees or licensees. This "public," albeit a limited one, included residents of the homes in the community, their guests and employees, as well as visitors ... and delivery people of all kinds.

*Id.* at 688.

¶ 7 Based on *Whritenour* and our review of the evidence in the light most favorable to the Commonwealth, we find ample evidence to sustain appellant's conviction for disorderly conduct. Similar to the private road in *Whritenour*, Shafran Road clearly constitutes "a place to which the public or a substantial group," namely the surrounding community's residents and their invitees, have access. Moreover, the community at issue in *Whritenour* was gated; the neighborhood in this case is not, making it, perhaps, even more public than the location of the offense in *Whritenour*. *See* 18 Pa.C.S.A. § 5503(c). We conclude the size of any neighborhood, any premises or private community does not dictate whether or not that premises, neighborhood, or community is "public" for purposes of the disorderly conduct statute. Accordingly, appellant's claim his convic-

tion cannot stand because his conduct failed to constitute a "public inconvenience or annoyance" must fail.

¶ 8 Judgment of sentence affirmed.