J-S59017-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| THOMAS PAUL HUNSBERGER | |
| Appellant | No. 3433 EDA 2013 |

Appeal from the Judgment of Sentence November 18, 2013
In the Court of Common Pleas of Montgomery County
Criminal Division at No(s): CP-46-CR-0000081-2013

BEFORE:  SHOGAN, J., LAZARUS, J., and STRASSBURGER, J.[*]

MEMORANDUM BY LAZARUS, J.:          **FILED SEPTEMBER 26, 2014**

Thomas Paul Hunsberger appeals from the judgment of sentence imposed by the Court of Common Pleas of Montgomery County following his convictions for criminal mischief (M3)[1] and disorderly conduct (M3).[2] Counsel has petitioned this Court to withdraw her representation of Hunsberger pursuant to **Anders**, **McClendon** and **Santiago**.[3]  Upon review,

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S. § 3304(a)(5).

[2] 18 Pa.C.S. § 5503(a)(1).

[3] **Anders v. California**, 386 U.S. 738 (1967); **Commonwealth v. McClendon**, 434 A.2d 1185 (Pa. 1981); and **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009).

we affirm Hunsberger's judgment of sentence and grant counsel's petition to withdraw.

This matter stems from an incident of road rage. Early in the morning of September 28, 2012, Melissah Murchinson was driving on City Avenue in Lower Merion Township, Montgomery County. At some point, Murchinson decided to pass Hunsberger, who was driving a green Malibu. As the cars came next to each other, Hunsberger allegedly began yelling and gesturing to Murchinson. When Murchinson opened her window, she was met with a barrage of racial slurs before Hunsberger spit on her car. Murchinson noticed that Hunsberger was following her and deviated from her destination and called 911. While on the phone with police dispatch, Murchinson pulled onto the shoulder of a side street. According to Murchinson, Hunsberger pulled up behind her, exited his vehicle and approached Murchinson's driver-side door. Hunsberger then circled her car, shaking it and yelling erratically, before approaching the rear passenger door and punching it. After a few minutes, Hunsberger returned to his car and drove away.

At the direction of police dispatch, Murchinson pulled into a safe parking lot to wait for the police. Once the police arrived, Murchinson explained what had transpired. At the same time, Hunsberger went to the Lower Merion Police station to give his version of the story. Murchinson subsequently filed a criminal complaint and Hunsberger was arraigned on February 13, 2013.

A bench trial took place on July 11, 2013. After convicting Hunsberger of criminal mischief and disorderly conduct, the court moved directly to sentencing and imposed a sentence of two years' probation.

On July 22, 2013, Hunsberger filed a timely post-sentence motion. On that same date, Hunsberger filed a *pro se* notice of appeal. Because of the *pro se* filing, the court conducted a ***Grazier***[4] hearing on November 13, 2013 to determine whether Hunsberger wished to proceed *pro se* or with appointed counsel. After the court advised Hunsberger of his rights, he chose to proceed with appointed counsel.

On December 16, 2013, the trial court entered an order pursuant to Pa.R.A.P 1925(b), directing the filing of a concise statement of errors complained of on appeal. After discovering that the clerk of courts had incorrectly docketed the Rule 1925(b) order, the trial court extended the time for Hunsberger to file his concise statement. In response, Hunsberger's counsel filed a statement of intent to file an ***Anders*** brief with this Court pursuant to Pa.R.A.P. 1925(c)(4).

"When faced with a purported ***Anders*** brief, this Court may not review the merits of the underlying issues without first passing on the request to withdraw." ***Commonwealth v. Rojas***, 874 A.2d 638, 639 (Pa. Super. 2005). In order to withdraw pursuant to ***Anders*** and ***McClendon***, counsel

---

[4] ***Commonwealth v. Grazier***, 713 A.2d 81 (Pa. 1998).

must: (1) petition the Court for leave to withdraw, certifying that after a thorough review of the record, counsel has concluded the issues to be raised are wholly frivolous; (2) file a brief referring to anything in the record that might arguably support the appeal; and (3) furnish a copy of the brief to the appellant and advise him of his right to obtain new counsel or file a *pro se* brief to raise any additional points that the appellant deems worthy of review. *Commonwealth v. Hernandez*, 783 A.2d 784, 786 (Pa. Super. 2001). In *Santiago*, the Pennsylvania Supreme Court altered the requirements for withdrawal under *Anders* to mandate the inclusion of a statement detailing counsel's reasons for concluding the appeal is frivolous.

Instantly, counsel's petition states that she has made an examination of the record and concluded the appeal is wholly frivolous. Counsel supplied Hunsberger with a copy of the brief and a letter explaining Hunsberger's right to proceed *pro se*, or with newly-retained counsel, and to raise any other issues he believes might have merit.[5] Counsel also has submitted a brief, setting out in neutral form two issues of arguable merit. Finally, counsel has explained, pursuant to the dictates of *Santiago*, why she believes the issues to be frivolous. *See Anders* Brief, at 3. Counsel having satisfied the procedural requirements for withdrawal, we now conduct our own review of the proceedings and render an independent judgment as to

_____

[5] Hunsberger has not filed a *pro se* response or brief.

whether the appeal is, in fact, wholly frivolous. ***Commonwealth v. Wright***, 846 A.2d 730, 736 (Pa. Super. 2004).

On appeal, Hunsberger presents the following issues for our review:

1. Are Hunsberger's convictions for criminal mischief and disorderly conduct supported by legally sufficient evidence?

2. Did the trial court abuse its discretion in denying Hunsberger's post-sentence motion for a new trial based upon the weight of the evidence?

Brief of Appellant, at 5.

We review a challenge to the sufficiency of the evidence as follows:

[W]hether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the trier of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

***Commonwealth v. Caban***, 60 A.3d 120, 132 (Pa. Super. 2012).

A person is guilty of criminal mischief if he intentionally damages real or personal property of another. 18 Pa.C.S. § 3304(a)(5). Here, Murchinson testified that Hunsberger punched her car and caused damage,

- 5 -

after the two had a dispute on the road. The responding police officer testified that he observed the damage to Murchinson's vehicle, spoke with both parties, and issued a citation for disorderly conduct. Hunsberger, however, denied punching the vehicle. Here, the trial court found the testimony of Murchinson and the police officer to be credible and found Hunsberger's testimony to be not credible. The court, as trier of fact, was free to believe all, part or none of the evidence presented. *Caban*, *supra*. Accordingly, the Commonwealth presented sufficient evidence to prove, beyond a reasonable doubt, that Hunsberger intentionally damaged the personal property of another. *See Commonwealth v. Adams*, 882 A.2d 496 (Pa. Super. 2005) (evidence sufficient where credible testimony of complaining witness and police officer established appellant punched complaining witness' vehicle).

With regard to Hunsberger's conviction for disorderly conduct, a person is guilty of disorderly conduct if, with intent to cause public inconvenience, annoyance or alarm, or recklessly creating a risk thereof, he engages in fighting or threatening, or in violent or tumultuous behavior. 18 Pa.C.S. § 5503(a)(1). Here, the Commonwealth presented evidence that Hunsberger was driving on a four-lane thoroughfare during morning rush hour traffic when he yelled racial slurs at Murchinson. The Commonwealth's evidence further described Hunsberger following Murchinson onto the shoulder of a side road where he continued to yell at Murchinson as he circled her car, pulled at the door handles and, finally, punched her car.

Again, the court, as trier of fact, was free to believe all, part or none of the evidence presented. **Caban**, **supra**. Here, the trial court found testimony of Murchinson and the police officer to be credible and found Hunsberger's testimony to be not credible. Accordingly, the Commonwealth presented sufficient evidence to prove, beyond a reasonable doubt, that Hunsberger engaged in threatening, violent or tumultuous behavior. **See Commonwealth v. O'Brien**, 939 A.2d 912 (Pa. Super. 2007) (evidence sufficient where defendant confronted motorist stopped on road, used profane language against driver, reaching into vehicle and slapped driver with pair of gloves).

In his second issue, Hunsberger argues that the trial court erred when it denied his post-sentence motion for a new trial because the verdict was against the weight of the evidence. Our standard of review of a weight of the evidence claim is as follows:

> The finder of fact is the exclusive judge of the weight of the evidence as the fact finder is free to believe all, part, or none of the evidence presented and determines the credibility of the witnesses. As an appellate court, we cannot substitute our judgment for that of the finder of fact. Therefore, we will reverse a jury's verdict and grant a new trial only where the verdict is so contrary to the evidence as to shock one's sense of justice. Our appellate courts have repeatedly emphasized that "[o]ne of the least assailable reasons for granting or denying a new trial is the lower court's conviction that the verdict was or was not against the weight of the evidence."

Furthermore,

> [W]here the trial court has ruled on the weight claim below, an appellate court's role is not to consider the underlying question of whether the verdict is against the

- 7 -

weight of the evidence. Rather, appellate review is limited to whether the trial court palpably abused its discretion in ruling on the weight claim.

***Commonwealth v. Rabold***, 920 A.2d 857, 860-61 (Pa. Super. 2007) (citations omitted).

Instantly, upon rendering its verdict, the trial court found both of the Commonwealth's witnesses to be credible and Hunsberger not to be credible. The court explained that discrepancies existed between Hunsberger's written statement and his testimony at trial. The court further noted that the conflicts within Hunsberger's own trial testimony led the court to conclude that his version of the events did not make sense. In contrast, the court specifically noted the consistencies in the statements provided by Murchinson, the concessions she made in her testimony relating to damages, and the fact that she found it necessary to call the police during her encounter with Hunsberger.

The court, as trier of fact, was free to believe all, part or none of the evidence presented. ***Caban***, ***supra***. Here, the Honorable William J. Furber, as fact-finder, was free to conclude from the evidence that Hunsberger engaged in criminal mischief and disorderly conduct. We discern no abuse of discretion by the trial court in not finding the verdict to be so contrary to the evidence as to shock his sense of justice. Accordingly, Hunsberger's weight claim fails.

Having found both of Hunsberger's issues to lack merit, we conclude that the appeal is, in fact, wholly frivolous. ***Wright***, ***supra***. Accordingly, we permit counsel to withdraw.

Judgment of sentence affirmed. Petition to withdraw granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/26/2014