J-S50035-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JORDAN R. STANLEY | |
| Appellant | No. 1875 MDA 2015 |

Appeal from the Judgment of Sentence October 1, 2015
In the Court of Common Pleas of Dauphin County
Criminal Division at No(s): CP-22-CR-0002355-2015

BEFORE:  MUNDY, J., STABILE, J., and FITZGERALD, J.[*]

MEMORANDUM BY MUNDY, J.:                    **FILED JUNE 29, 2016**

Appellant, Jordan R. Stanley, appeals from the October 1, 2015 judgment of sentence of 72 hours' incarceration, imposed by the trial court after it convicted Appellant of driving under the influence of alcohol (DUI), and the summary offense of operating a vehicle in the wrong direction on a roadway designated for one-way traffic.[1]  After careful consideration, we affirm.

The relevant factual background is as follows.

> On the morning of March 6, 2015, Appellant was driving home from a sports bar in the Allison Hill area of Harrisburg, where he had consumed alcohol

---

[*] Former Justice specially assigned to the Superior Court.

[1] 75 Pa.C.S.A. §§ 3802(a)(1) and 3308(b), respectively.

over the course of two hours. At approximately 1:40 a.m., Officer Gregory Hill of the Harrisburg Bureau of Police observed Appellant's vehicle make a left-hand turn from northbound Cameron Street onto westbound Maclay Street. Upon making the turn, Appellant "cut his turn too short" and ended up travelling westbound in the eastbound travel lane. Officer Hill paralleled Appellant from the correct (westbound) lane of Maclay Street until the lanes were no longer divided by a median strip, whereupon Officer Hill activated his emergency lights and directed Appellant to pull into a side parking lot of the Pennsylvania Farm Show Complex. Once stopped, Appellant exited his vehicle. Officer Hill exited his patrol car and ordered Appellant to return to his vehicle, which he refused to do despite repeated instructions from Officer Hill. Officer Hill handcuffed Appellant out of concern that he might flee the traffic stop. Officer Hill noted that Appellant smelled of alcohol, that his eyes were bloodshot and glassy, and that he was unsteady on his feet and using his car for support. Based on his observations of Appellant's physical demeanor and his turn into the wrong lane of traffic, Officer Hill placed him under arrest for suspicion of DUI. A police transport van delivered Appellant to county booking. Once there, Officer Hill read [Appellant] the DL-26 chemical test consent form, explaining to him the possible penalties for refusing to submit to a blood test. [Appellant signed the form and declined to take the blood test.]

Trial Court Opinion, 1/22/16, at 1-3 (citations to notes of testimony and footnote omitted).

Appellant was charged with the aforementioned offenses. On October 1, 2015, the trial court convened Appellant's bench trial. After the trial court heard evidence and rendered its guilty verdicts, Appellant indicated that he wanted "to do sentencing now." N.T., 10/1/15, at 36. The trial court

- 2 -

sentenced Appellant to 72 hours' incarceration in Dauphin County Prison, and ordered Appellant to complete 50 hours of community service, and pay costs and fines. Appellant filed a timely post-sentence motion on October 2, 2015, in which he claimed that his conviction was against the weight of the evidence. The trial court denied the motion on October 8, 2015. On October 20, 2015, Appellant filed this timely appeal.[2]

On appeal, Appellant raises two issues for our review.

> [1.] Whether the trial court erred in denying Appellant's Post-Sentence Motion where the verdict was against the weight of the evidence so as to shock one's sense of justice where the Commonwealth never showed that [Appellant] was incapable of driving his vehicle safely?
>
> [2.] Whether the Commonwealth failed to present sufficient evidence to sustain Appellant's convictions where the Commonwealth did not prove that Appellant was incapable of driving his vehicle safely.

Appellant's Brief at 5.

We begin by noting that the crime of DUI is defined, in pertinent part, as follows.

> **§ 3802. Driving under influence of alcohol or controlled substance**
>
> **(a) General impairment.--**

---

[2] Appellant and the trial court have complied with Pennsylvania Rule of Appellate Procedure 1925.

>(1) An individual may not drive, operate or be in actual physical control of the movement of a vehicle after imbibing a sufficient amount of alcohol such that the individual is rendered incapable of safely driving, operating or being in actual physical control of the movement of the vehicle.

75 Pa.C.S.A. § 3802(a)(1).

In his first issue, Appellant argues that the verdict was against the weight of the evidence. An allegation that a "verdict was against the weight of the evidence is addressed to the discretion of the trial court." *Commonwealth v. Diggs*, 949 A.2d 873, 879 (Pa. 2008), *cert. denied*, *Diggs v. Pennsylvania*, 129 S.Ct. 1580 (2009). Where the trial court has ruled on a weight claim, an appellate court's role is not to consider the underlying question of whether the verdict is against the weight of the evidence. Rather, "[our] review is limited to whether the trial court palpably abused its discretion in ruling on the weight claim." *Commonwealth v. Tharp*, 830 A.2d 519, 528 (Pa. 2003), *cert. denied*, *Tharp v. Pennsylvania*, 541 U.S. 1045 (2004). "The weight of the evidence is exclusively for the finder of fact who is free to believe all, part, or none of the evidence and to determine the credibility of the witnesses. An appellate court cannot substitute its judgment for that of the finder of fact." *Commonwealth v. Champney*, 832 A.2d 403, 408 (Pa. 2003) (citations omitted), *cert. denied*, *Champney v. Pennsylvania*, 542 U.S. 939 (2004).

Before addressing the merits of Appellant's weight claim, we first determine whether he has properly preserved the issue for appellate review.

Pennsylvania Rule of Criminal Procedure 607 provides that a claim that the verdict was against the weight of the evidence "shall be raised with the trial judge in a motion for a new trial: (1) orally, on the record, at any time before sentencing; (2) by written motion at any time before sentencing; or (3) in a post-sentence motion." Pa.R.Crim.P. 607(A). "The purpose of this rule is to make it clear that a challenge to the weight of the evidence must be raised with the trial judge or it will be waived." *Commonwealth v. McCall*, 911 A.2d 992, 997 (Pa. Super. 2006). Upon review, we conclude that Appellant properly preserved his weight of the evidence claim by raising it in his October 2, 2015 post-sentence motion. We thus turn to the merits of Appellant's claim.

Appellant maintains that the trial court's verdict "was based on pure conjecture," and "at no point did Officer Hill see Appellant sway or swerve his car or do anything that would draw attention to Appellant's vehicle." Appellant's Brief at 13-15. Appellant concedes that he was "traveling in the wrong lane," but maintains, without further explanation or detail, that "dash cam video," which was not preserved or presented at the hearing, "would be able to show what actually occurred the night of the incident." *Id.*

It is well established that this Court will not reverse a trial court's credibility determination absent the court's abuse of discretion. In a bench trial, as in a jury trial, "the trier of fact, while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all,

- 5 -

part or none of the evidence." **Commonwealth v. Zingarelli**, 839 A.2d 1064, 1069 (Pa. Super. 2003), *appeal denied,* 856 A.2d 834 (Pa. 2004). Additionally, "the evidence at trial need not preclude every possibility of innocence, and the fact-finder is free to resolve any doubts regarding a defendant's guilt unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances." **Commonwealth v. Emler**, 903 A.2d 1273, 1276 (Pa. Super. 2006).

Instantly, the trial court found the testimony of Officer Hill, as related above, to be credible. Conversely, the trial court did not credit Appellant's version of events.[3] The trial court stated that "in its role as fact finder, the credible testimony of Officer Hill permitted a conclusion that Appellant drove his vehicle while under the influence of alcohol at a time when he was incapable of safe driving." Trial Court Opinion, 1/22/16, at 6-7. Upon review of the certified record, we agree. We are precluded from reweighing the evidence and substituting our judgment for that of the fact finder. **Champney**, **supra** at 408. Accordingly, we cannot conclude the verdict "is so contrary to the evidence as to shock one's sense of justice."

_____

[3] Appellant testified that he "made the wrong turn," and admitted to Officer Hill that he "did have two beers"; however, Appellant also testified that he was not "incapable" of safe driving, and specifically denied being "drunk" or "tipsy." N.T., 10/1/15, at 27-29.

*Commonwealth v. Cruz*, 919 A.2d 279, 282 (Pa. Super. 2007) (citation omitted), *appeal denied*, 928 A.2d 1289 (Pa. 2007).

We next address Appellant's claim that there was insufficient evidence to sustain his conviction for DUI. Appellant contends the "testimony adduced at trial fails to establish that Appellant was incapable of driving safely," and asserts his "driving failed to show any indication of impaired driving or inability to operate his vehicle safely." Appellant's Brief at 16. We disagree.

Our standard of review in assessing a challenge to the sufficiency of the evidence is well-settled. "The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt." *Commonwealth v. O'Brien*, 939 A.2d 912, 913 (Pa. Super. 2007) (citation omitted). "Any doubts concerning an appellant's guilt [are] to be resolved by the trier of fact unless the evidence was so weak and inconclusive that no probability of fact could be drawn therefrom." *Commonwealth v. West*, 937 A.2d 516, 523 (Pa. Super. 2007), *appeal denied,* 947 A.2d 737 (Pa. 2008). Moreover, "[t]he Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence."

*Commonwealth v. Perez*, 931 A.2d 703, 707 (Pa. Super. 2007) (citations omitted).

Upon review of the evidence in the light most favorable to the Commonwealth as verdict winner, we agree with the trial court there was sufficient evidence to establish that Appellant operated his vehicle after consuming enough alcohol to render him incapable of safe driving. Our review of the record supports the trial court's reasoning, which it explained as follows.

> In the instant case, Officer Hill observed Appellant make a left-hand turn from Northbound Cameron Street onto the eastbound lane of Maclay Street at 1:40 a.m., thus placing Appellant's vehicle on the wrong side of the road and moving in the direction of possible oncoming traffic. As this was in violation of 75 Pa.C.S.A. § 3308(b), Officer Hill was well within his authority to effect a stop of Appellant's vehicle. Once pulled over, Appellant exited his vehicle and ignored multiple requests to return to his vehicle. While detaining [Appellant], Officer Hill detected the odor of alcohol and observed Appellant rocking back and forth and bracing himself against his vehicle. Combined with Appellant's refusal to participate in a field sobriety test, th[e trial c]ourt finds that the Commonwealth presented ample evidence that Appellant was operating his vehicle while under the influence of alcohol and, while operating the vehicle, he was incapable of doing so in a safe manner.

Trial Court Opinion, 1/22/16, at 5-6.

Based on the foregoing, we find no merit to Appellant's sufficiency claim. Therefore, we affirm the October 1, 2015 judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 6/29/2016