J-S50043-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JEREMY RYAN DELONG | |
| Appellant | No. 2222 MDA 2015 |

Appeal from the Judgment of Sentence October 19, 2015
In the Court of Common Pleas of Berks County
Criminal Division at No(s): CP-06-CR-0000820-2015

BEFORE:  MUNDY, J., STABILE, J., and FITZGERALD, J.*

MEMORANDUM BY MUNDY, J.:                    **FILED JULY 15, 2016**

Appellant, Jeremy Ryan DeLong, appeals from the October 19, 2015 judgment of sentence of three days to six months' incarceration, imposed by the trial court after it convicted him of driving under the influence of alcohol (DUI), driving in excess of the maximum speed limit, and failing to drive on the right side of the roadway.[1]  After careful review, we affirm.

The trial court detailed the relevant facts and procedural posture of this case as follows.

> On January 2, 2015, at a little after midnight, Officer Jeffrey Futchko, with the Western Berks Regional police, was conducting a routine patrol of

---

* Former Justice specially assigned to the Superior Court.

[1] 75 Pa.C.S.A. §§ 3802(a), 3362(a), and 3301(a), respectively.

traffic at the intersection of West Penn Avenue and Spruce Street in the Borough of Robesonia, in Berks County, Pennsylvania. As he was sitting in his patrol car, he heard a vehicle approaching his location at a very high rate of speed. He then observed a brown Mercury Sable pass his zone of influence for his speed timing device, which registered 58 miles per hour on his RB-3 device. This occurred in a 35 mile per hour speed zone. The officer pulled out, activated his headlights and followed this vehicle; he activated his emergency lights because he had to accelerate up to 60 miles per hour to catch up to the vehicle. He observed the driver make erratic movements, straddle the center line and make an abrupt swerve to the right before braking. The officer started to tap the siren, but initially received no response. Eventually the driver responded to the siren. The trooper identified Appellant as the person who was driving this vehicle. Appellant popped the car door open, looked back and then abruptly shut it as the officer approached. Upon approaching the driver's side window, Officer Futchko detected an overpowering smell of an alcoholic beverage emanating from Appellant['s] breath. Appellant's eyes were extremely bloodshot and slightly glassy in appearance. Appellant had difficulty giving his information and became agitated. He produced a driver's license that should have been returned to PennDOT. The officer called for back-up. A bottle of Rolling Rock beer was seen lying open on the passenger side floor, partially concealed by a red cloth. The officer asked if Appellant would mind giving him the bottle, but Appellant said he had no right to come into his vehicle. Then the officer asked if Appellant would take a PBT; Appellant refused any tests and became belligerent, hurling profanities at the officer. The officer began to open the car door and Appellant started yelling and then got out of the car. His gait was unsteady as he moved to the rear of the vehicle. The officer managed to complete three field sobriety tests and determined from these tests that Appellant was incapable of safely driving a motor vehicle. At this point, the officer attempted to place Appellant under arrest for [DUI] and he

resisted. Once Appellant was secured and the bottle was seized, the officer transported him to St. Joe's [H]ospital for a blood draw. Again, Appellant was extremely belligerent and verbally abusive. Appellant was read his implied consent from the DL-26 form; he became quite vulgar in his responses to the officer. The officer deemed this a refusal to submit to chemical testing.

[Appellant] was charged … with one count of [DUI], [], one count of Maximum Speed Limits, [], one count of Duplicate and Substitute Driver's Licenses and Learner's Permits, [], one count of Restriction on Alcoholic Beverages, [], and one count of Driving on Right Side of Roadway, []. On October 6, 2015, after a bench trial, Appellant was found guilty of four of the counts, including [DUI], but found not guilty of Restriction on Alcoholic Beverages. The sentencing hearing was held on October 19, 2015; the parties stipulated that Appellant was to be found not guilty of count 3, Duplicate and Substitute Driver's Licenses and Lerner's Permits. Appellant was sentenced to serve not less than 3 days nor more than six months, with credit for 40 days in the Berks County Jail System. Appellant filed Post Sentence motions which were denied on November 20, 2015. On December 18, 2015, Appellant filed a Notice of Appeal to the Superior Court. [Appellant and the trial court have complied with Pennsylvania Rule of Appellate Procedure 1925.]

Trial Court Opinion, 2/22/16, at 1-3 (citations to record and statutes omitted).

On appeal, Appellant presents four issues for our review.

1. Whether the evidence presented is insufficient to sustain a finding of guilt for the crime of [DUI], against [Appellant], because the Commonwealth failed to prove beyond a reasonable doubt that [Appellant] imbibed a sufficient amount of alcohol

- 3 -

prior to driving, the motor vehicle, rendering him incapable of safely operating said motor vehicle?

2. Whether the trial court abused its discretion in finding [Appellant] guilty of [DUI] where the verdict is contrary to the weight of the evidence presented because the Commonwealth failed to demonstrate [Appellant] was incapable of safely driving, operating, or being in actual physical control of the movement of the vehicle?

3. Whether the evidence presented is insufficient to sustain a finding of guilt for the crime of Driving Right Side of the Roadway, against [Appellant], because the Commonwealth failed to prove beyond a reasonable doubt that [Appellant] did not drive his vehicle on the right side of the roadway?

4. Whether the trial court abused its discretion in finding [Appellant] guilty of Driving Right Side of Roadway when the verdict is contrary to the weight of the evidence presented because the Commonwealth failed to demonstrate [Appellant] did not drive his vehicle on the right side of the roadway?

Appellant's Brief at 7-8.

We first address Appellant's two sufficiency claims relative to his convictions of DUI and driving on the right side of the roadway. "The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt." *Commonwealth v. O'Brien*, 939 A.2d 912, 913 (Pa. Super. 2007) (citation omitted). "Any doubts concerning an appellant's guilt [are] to be resolved by the trier of

fact unless the evidence was so weak and inconclusive that no probability of fact could be drawn therefrom." ***Commonwealth v. West***, 937 A.2d 516, 523 (Pa. Super. 2007), *appeal denied,* 947 A.2d 737 (Pa. 2008). Moreover, "[t]he Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence." ***Commonwealth v. Perez***, 931 A.2d 703, 707 (Pa. Super. 2007) (citations omitted).

Instantly, Appellant was convicted of DUI as follows.

> **§ 3802. Driving under influence of alcohol or controlled substance**
>
> **(a) General impairment.--**
>
> (1) An individual may not drive, operate or be in actual physical control of the movement of a vehicle after imbibing a sufficient amount of alcohol such that the individual is rendered incapable of safely driving, operating or being in actual physical control of the movement of the vehicle.

75 Pa.C.S.A. § 3802(a)(1).

In addition, Appellant was convicted of failing to drive on the right side of the roadway in violation of 75 Pa.C.S.A. § 3301(a), which provides that "[u]pon all roadways of sufficient width, a vehicle shall be driven upon the right half of the roadway."

Our review of the notes of testimony from Appellant's bench trial reveals the testimony of two witnesses: Western Berks Regional Police Officer Jeffrey Futchko for the Commonwealth and Appellant for the defense.

Consonant with the trial court's factual findings, Officer Futchko testified to being on "routine patrol" on January 2, 2015 when he observed Appellant's vehicle drive by at a "very high rate of speed." N.T., 10/6/15, at 4-5. Officer Futchko stated Appellant drove "very close to the center line," then "straddl[ed] the middle of the center line … until it passed approximately two, three blocks down … and … again made an abrupt swerve to the right and began braking at that point." *Id.* at 5-6.

Officer Futchko activated his emergency lights and siren, and when Appellant stopped his vehicle, Officer Futchko detected "an overpowering smell of an alcoholic beverage." *Id.* at 7. Appellant's eyes appeared "extremely bloodshot and slightly glassy." *Id.* There was a Rolling Rock beer bottle on the passenger-side floor of Appellant's vehicle. *Id.* at 9. Appellant became belligerent. *Id.* at 10-11. Officer Futchko administered three different field sobriety tests to Appellant, after which Officer Futchko concluded that Appellant was incapable of safe driving, and placed him under arrest. *Id.* at 12-13. Appellant continued to act belligerently. *Id.* at 13-15. After Officer Futchko read Appellant the DL-26 implied consent form, Appellant refused to consent to a blood test. *Id.* at 16.

In his testimony, Appellant testified to drinking "some alcoholic beverages" on the night before he encountered Officer Futchko, but added that he was "a little exhausted" because he "didn't get much sleep." *Id.* at 21-22. Appellant specifically denied driving under the influence of alcohol on

January 2, 2015. *Id.* at 24. He also denied refusing to take the blood test, although he conceded he was "very disgruntled" during his encounter with Officer Futchko. *Id.* at 23-24.

Viewing the above evidence in the light most favorable to the Commonwealth as the verdict winner, we conclude there was sufficient evidence to establish that Appellant operated his vehicle after consuming enough alcohol to render him incapable of safe driving, and that he failed to drive on the right side of the roadway.

We next address Appellant's weight claims relative to his DUI and failing to drive on the right side of the roadway convictions. An allegation that a "verdict was against the weight of the evidence is addressed to the discretion of the trial court." *Commonwealth v. Diggs*, 949 A.2d 873, 879 (Pa. 2008), *cert. denied*, *Diggs v. Pennsylvania*, 556 U.S. 1106 (2009). Where the trial court has ruled on a weight claim, an appellate court's role is not to consider the underlying question of whether the verdict is against the weight of the evidence. Rather, "[our] review is limited to whether the trial court palpably abused its discretion in ruling on the weight claim." *Commonwealth v. Tharp*, 830 A.2d 519, 528 (Pa. 2003), *cert. denied*, *Tharp v. Pennsylvania*, 541 U.S. 1045 (2004). "The weight of the evidence is exclusively for the finder of fact who is free to believe all, part, or none of the evidence and to determine the credibility of the witnesses. An appellate court cannot substitute its judgment for that of the finder of

fact." ***Commonwealth v. Champney***, 832 A.2d 403, 408 (Pa. 2003) (citations omitted), *cert. denied*, ***Champney v. Pennsylvania***, 542 U.S. 939 (2004).

Before addressing the merits of Appellant's weight claim, we first determine whether he has properly preserved the issue for appellate review. Pennsylvania Rule of Criminal Procedure 607 provides that a claim that the verdict was against the weight of the evidence "shall be raised with the trial judge in a motion for a new trial:   (1) orally, on the record, at any time before sentencing; (2) by written motion at any time before sentencing; or (3) in a post-sentence motion."  Pa.R.Crim.P. 607(A).  "The purpose of this rule is to make it clear that a challenge to the weight of the evidence must be raised with the trial judge or it will be waived."  ***Commonwealth v. McCall***, 911 A.2d 992, 997 (Pa. Super. 2006).  Upon review, we conclude that Appellant properly preserved his weight of the evidence claims by raising them in his October 28, 2015 motion for post-sentence relief.  We thus turn to the merits of the claims.

It is well established that this Court will not reverse a trial court's credibility determination absent an abuse of discretion.  In a bench trial, as in a jury trial, "the trier of fact, while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence." ***Commonwealth v. Zingarelli***, 839 A.2d 1064, 1069 (Pa. Super. 2003), *appeal denied,* 856 A.2d 834 (Pa. 2004).

Additionally, "the evidence at trial need not preclude every possibility of innocence, and the fact-finder is free to resolve any doubts regarding a defendant's guilt unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances." *Commonwealth v. Emler*, 903 A.2d 1273, 1276 (Pa. Super. 2006).

Instantly, the trial court found the testimony of Officer Futchko, as related above, to be credible. Conversely, the trial court did not credit Appellant's version of events. The trial court stated it "found Appellant's testimony to be not only **not** credible, but quite incredible." Trial Court Opinion, 2/22/16 at 6 (emphasis in original). The trial court reasoned as follows.

> Appellant claimed to be either overtired, a little sick, hung over, or under the weather. He said he did not refuse the blood test. Appellant explained that he was so vulgar and disrespectful to the officer because he was frustrated and "disgruntled." He claimed no one asked him to sign any forms and he asserted that he never even made it to the hospital. It is clear from the record that, either Appellant did not remember these details because he was intoxicated, or that he flat out lied to this [trial c]ourt. The verdicts do not shock our sense of justice.

*Id.* at 6-7.

Upon review of the certified record, and recognizing that we are precluded from reweighing the evidence and substituting our judgment for that of the fact-finder, we discern no abuse of discretion by the trial court.

- 9 -

*Champney*, *supra* at 408. The trial court acted within its discretion in concluding that the verdict was not "so contrary to the evidence as to shock one's sense of justice." *Commonwealth v. Cruz*, 919 A.2d 279, 282 (Pa. Super. 2007) (citation omitted), *appeal denied*, 928 A.2d 1289 (Pa. 2007).

Based on the foregoing, we find no merit to Appellant's sufficiency and weight claims. We thus affirm the October 19, 2015 judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 7/15/2016