J-S26031-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DAMION MICHAEL SWEENEY | : | |
| | : | |
| Appellant | : | No. 96 MDA 2022 |

Appeal from the Judgment of Sentence Entered March 27, 2020
In the Court of Common Pleas of Luzerne County Criminal Division at
No(s): CP-40-CR-0001181-2019

BEFORE: KUNSELMAN, J., McCAFFERY, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.:       **FILED: AUGUST 29, 2022**

Appellant, Damion Michael Sweeney, appeals *nunc pro tunc* from the judgment of sentence entered in the Court of Common Pleas of Luzerne County following his conviction at a bench trial on the charges of burglary, criminal mischief, and possession of a controlled substance.[1] After a careful review, we affirm.

The trial court has aptly set forth the relevant facts and procedural history, in part, as follows:

> [O]n January 30, 2019, Trooper Samuel Edwards of the Pennsylvania State Police filed a four (4) count criminal complaint against [A]ppellant charging him with burglary, criminal trespass, criminal mischief, and possession of a controlled substance. The

---

[*] Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S.A. § 3502(a)(2), 18 Pa.C.S.A. § 3304(a)(5), and 35 P.S. § 780-113(a)(16), respectively.

criminal complaint and affidavit of probable cause alleged that [A]ppellant broke into a residence in Lake Township, Luzerne County, while not being licensed or privileged to do so, and caused property damage therein. Thereafter, [A]ppellant made a counseled waiver of his right to a preliminary hearing[,] and the Commonwealth withdrew all of the charges save for one count of criminal trespass. On April 30, 2019, the District Attorney of Luzerne County filed a one count criminal information against [A]ppellant [charging] him with criminal trespass.

[A]ppellant appeared before the court for trial on December 11, 2019. After both a written and on the record colloquy, he waived his right to a trial by jury. The Commonwealth then moved to amend the information to include the three counts withdrawn at the time of [A]ppellant's preliminary hearing. Appellant's trial counsel represented that he had no basis to object to the amendment, and accordingly, [the trial court] granted the Commonwealth's request to reinstate the charges.

At trial, the Commonwealth presented testimony from [Donna Garriott, Daryl Garriott, David Allen, and Trooper Truman Brandt. The defense presented the testimony of Appellant]. [Specifically, Donna Garriott] testified that she had known [A]ppellant "for about a year, maybe a little longer," and…she met him through Mr. David Allen, [who was] her…son and owner of the Lake Township residence. (N.T., 12/11/19, at 18-19.) This residence had previously belonged to [Mrs. Garriott's] father. (*Id.* at 17.) Thus, it was apparent that she was familiar with this residence and its condition at the relevant time.

On October [19], 2016, she and her husband went to the residence to collect Mr. Allen's mail. Upon arriving, she watched [A]ppellant exit the [L]ake [T]ownship residence [via the front door]. (*Id.* at 18.) She then engaged him in conversation. (*Id.*) She testified that [A]ppellant "wasn't his normal self[,]" and that when she asked him what he was doing there, he responded with a remark about people spying on him from inside the walls. (*Id.* at 19-20.) The Commonwealth admitted exhibits one (1) through twenty (20), [which were] a series of photos…depict[ing] damage to the interior of the residence. (*Id.* at 22-23.) Mrs. Garriott went on to testify that the photographs, marked as [C]ommonwealth exhibits 1 through 20, depicted recent damage to the residence. [She testified she and her husband asked Appellant to leave, and Appellant complied. She then informed her son of the incident, as well as contacted the police. (*Id.* at 25.)]

- 2 -

[Mrs. Garriott's] husband, [Daryl] Garriott, was also present when [Mrs. Garriott] encountered [A]ppellant at the Lake Township residence. He also testified that he was previously acquainted with [A]ppellant[,] and he recognized him. He testified [A]ppellant was acting erratically, as though he was "under the influence of something." (*Id.* at 31-32.) [A]ppellant took Mr. Garriott inside [of the residence] to show him where the voices inside the wall were coming from. (*Id.*) At that time, Mr. Garriott observed the damage inside the residence[, which to his knowledge did not exist prior to October 19, 2016. (*Id.* at 32.)] [Mr. Garriott testified that, at this point, he and his wife asked Appellant to leave since he "wasn't supposed to be there. The place was torn up, and [Appellant] was so erratic[.]" (*Id.*)]

Mr. David Allen, [who had owned] the Lake Township residence [for eight or nine years], testified that he was acquainted with [A]ppellant, and on a prior occasion, he allowed [A]ppellant to stay on his couch. (*Id.* at 35.) Mr. Allen did not, however, permit [A]ppellant to be at his residence in October of 2016. (*Id.* at 36). [He testified Appellant did not have a key to the residence, and in October of 2016, Mr. Allen was the only person who resided at the Lake Township residence. (*Id.*). Mr. Allen noted that he had been staying with his parents for a few days, and his mother called him on October 19, 2016, to report the damage to his home, as well as the fact Appellant was at the home. (*Id.*)]

Reviewing each of the Commonwealth's exhibits numbered 1 through 20, the witness testified that the damage pictured in Commonwealth exhibits C-1, C-2, C-6, C-8, C-9, C-11, C-12, C-14, and C-18 was not present prior to [A]ppellant's unlawful tenancy. (*Id.* at 37-41.) The photos depicted…extensive damage to the interior of the residence. Mr. Allen indicated that the drywall was pulled off the walls and ceiling throughout "90% of the whole house." (*Id.* at 42.) A claim for the damages was submitted to Allstate Insurance Company, [which] paid over $53,000 to resolve the claim. (*Id.*) [Mr. Allen testified that when he walked through the Lake Township residence, in addition to the damage to the residence, he discovered drugs in his bathroom, which did not belong to him. (*Id.* at 43.) He gave the drugs to the police. (*Id.* at 44.)]

[Pennsylvania State Police Trooper Truman Brandt testified he responded to Mrs. Garriott's 911 call on October 19, 2016. He confirmed the Lake Township residence had extensive damage inside of it. (*Id.* at 54-55.) He discovered that pieces of plywood

in the basement had been moved to gain ingress. (***Id.*** at 56-58.) After Mrs. Garriott advised him that Appellant had been inside of the residence, Trooper Brandt questioned Appellant, who informed him that the Lake Township home was his residence. (***Id.*** at 55-56.) Regarding the drugs, the parties stipulated the drugs "weighed 0.32 grams and contained N-Ethylpentylone, a substituted cathinone Schedule I controlled substance." (***Id.*** at 61.)]

[A]ppellant testified he was at the residence with the permission of Mr. Allen, and he did not cause any damage. (***Id.*** at 64-68.) [Specifically, Appellant claimed he was living at the residence with the permission of Mr. Allen, but he had been away camping for a few days. (***Id.*** at 63-64.) When he returned, he found the damage to the residence. (***Id.*** at 64.) He indicated he had no belongings at the residence, except for clothes and food, and he did not receive mail at the residence. (***Id.*** at 65.) On redirect examination, Mr. Allen denied Appellant had his permission to be in the residence during October of 2016 or that he had provided Appellant with a key. (***Id.*** at 68-69.)]

At the conclusion of the presentation of argument and evidence, [the trial court] rendered a verdict which acquitted [A]ppellant of criminal trespass and convicted him of burglary, criminal mischief, and possession of a controlled substance. On March 27, 2020, [the trial court] sentenced [Appellant]…to an aggregate term of incarceration of ten (10) to twenty-three (23) months followed by eighteen (18) months of consecutive probation. On April 6, 2020, [A]ppellant's counsel filed a [timely] post-sentence motion challenging the weight of the evidence for each of [A]ppellant's convictions. Appellant's counseled post-sentence motion argued that the [C]ommonwealth the [*sic*] failed to prove that [A]ppellant caused damage inside the property or committed a crime inside the residence.

[The trial court] denied [A]ppellant's post-sentence motion in its entirety by order dated June 17, 2020. On July 2, 2020, [A]ppellant's counsel filed a notice of appeal;…[however,] on October 16, 2020, the [] Superior Court dismissed the appeal for counsel's failure to file a docketing statement pursuant to Pa.R.A.P. 3517.

On September 3, 2021, [A]ppellant's counsel filed a motion to reinstate his appeal rights *nunc pro tunc*. [The court] considered this motion as having been [timely] filed pursuant to the post-conviction relief act, 42 Pa.C.S.A. § 9541 *et seq.*, and by

Order dated December 1, 2021, [the court] granted [A]ppellant's motion to reinstate his direct appeal rights. On December 22, 2021, [A]ppellant filed a counseled notice of appeal[,] and on that same date, [the trial court] entered an Order directing that he file a concise statement pursuant to Pa.R.A.P. 1925(b) within 21 days of that Order. On January 10, 2022, [A]ppellant filed his counseled concise statement[, and on March 4, 2022, the trial court filed a responsive Pa.R.A.P. 1925(a) opinion.]

Trial Court Opinion, filed 3/4/22, at 1-4 (some citations omitted).

On appeal, Appellant sets forth the following issues in his "Statement of the Questions Involved" (verbatim):

1. Was the Commonwealth's evidence insufficient to sustain guilty verdicts beyond a reasonable doubt against the Appellant?
2. Were the verdicts against the weight of the evidence?

Appellant's Brief at 7 (suggested answers and unnecessary capitalization omitted).

Appellant first contends the evidence was insufficient to sustain his convictions for burglary and possession of a controlled substance.[2]

---

[2] We note the Commonwealth argues Appellant's sufficiency issues are waived under Pa.R.A.P. 1925(b). Specifically, the Commonwealth contends Appellant did not set forth his sufficiency challenges with specificity as required by Pa.R.A.P. 1925(b)(4)(ii). *See* Commonwealth's Brief at 12. However, before this Court may find waiver under Rule 1925(b), we must determine whether the trial court's Rule 1925(b) order strictly complies with the requirements of Pa.R.A.P. 1925(b)(3), which pertains to the required contents of an order. ***See Rahn v. Consol. Rail Corp.***, 254 A.3d 738, 745-46 (Pa.Super. 2021) ("[I]n determining whether an appellant has waived his issues on appeal based on non-compliance with Pa.R.A.P. 1925, it is the trial court's order that triggers an appellant's obligation ... therefore, we look first to the language of that order.") (quotation omitted)). In the case *sub judice*, while the trial court's
*(Footnote Continued Next Page)*

Specifically, Appellant contends the evidence was insufficient to sustain his conviction for burglary since the Commonwealth failed to prove Appellant intended to commit a crime when he entered the Lake Township residence on October 19, 2016. Appellant further contends the evidence was insufficient to sustain his conviction for possession of a controlled substance since the Commonwealth failed to prove the element of possession.[3]

This Court's standard of review when considering a challenge to the sufficiency of the evidence requires us to look at the evidence in a light most favorable to the verdict winner and determine whether the evidence presented, actual and/or circumstantial, was sufficient to enable a fact-finder to find every element of the crime charged, beyond a reasonable doubt. ***See Commonwealth v. O'Brien***, 939 A.2d 912 (Pa.Super. 2007).

> In applying the above test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and the circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that

---

order is generally compliant with Rule 1925(b)(3), the order does not set forth "the place the appellant can serve the Statement in person and the address to which the appellant can mail the Statement." Pa.R.A.P. 1925(b)(3)(iii). Because the trial court's order is inconsistent with the requirements of the Rule, we decline to conclude Appellant has failed to comply with it. ***See Rahn***, 254 A.3d at 746.

[3] While Appellant has developed a weight of the evidence argument for his criminal mischief conviction, which we discuss *infra*, he has not developed a sufficiency of the evidence argument specifically related to his conviction for criminal mischief.

as a matter of law no probability of fact may be drawn from the combined circumstances.

*Id.* at 913–914 (quotation omitted). The finder of fact is free to believe all, some, or none of the evidence presented and is free to determine the credibility of the witnesses. ***Commonwealth v. Dailey***, 828 A.2d 356 (Pa.Super. 2003).

Here, Appellant was convicted of burglary under 18 Pa.C.S.A. § 3502(a)(2), which provides the following:

> **(a) Offense defined.--**A person commits the offense of burglary if, with the intent to commit a crime therein, the person:
>
> ***
>
> (2) enters a building or occupied structure, or separately secured or occupied portion thereof that is adapted for overnight accommodations in which at the time of the offense no person is present[.]

18 Pa.C.S.A. § 3502(a)(2) (emphasis in original).

The intent to commit a crime must be contemporaneous with entering the dwelling, and we determine intent by the totality of the surrounding circumstances. ***See Commonwealth v. Magnum***, 654 A.2d 1146, 1147 (Pa.Super. 1995). However, the Commonwealth has no burden to identify the specific crime to be committed.[4] ***Commonwealth v. Alston***, 539 Pa. 202, 651 A.2d 1092, 1094 (1994).

_____

[4] "When the Commonwealth does specify, in the information or indictment, the crime defendant intended to commit, the Commonwealth must prove the
*(Footnote Continued Next Page)*

> While this intent may be inferred from actions as well as words, the actions must bear a reasonable relation to the commission of a crime. Once one has entered a private residence by criminal means, we can infer that the person intended a criminal purpose based upon the totality of the circumstances.

*Commonwealth v. Lambert*, 795 A.2d 1010, 1022 (Pa.Super. 2002) (*en banc*) (citations omitted).

Here, as indicated *supra*, Appellant contends the evidence was insufficient to sustain his conviction for burglary since the Commonwealth failed to prove Appellant intended to commit a crime when he entered the Lake Township residence on October 19, 2016. Appellant suggests the evidence reveals, at most, that he formed the intent to commit a crime at some point after he entered the dwelling, but he did not have the intent to commit a crime contemporaneous with his entering of the dwelling. *See* Appellant's Brief at 20-21.

Viewing the evidence in the light most favorable to the Commonwealth, as verdict winner, we find no merit to Appellant's argument. *See O'Brien*, *supra*. Specifically, the evidence reveals Appellant entered the residence through the basement by moving pieces of plywood. The trial court, as the finder of fact, found credible the testimony establishing that Appellant did not

---

requisite intent for that particular crime in order to prove a burglary or attempted burglary." *Commonwealth v. Brown*, 886 A.2d 256, 260 (Pa.Super. 2005). In the case *sub judice*, a review of the record reveals neither the police criminal complaint nor the information specified which particular crime Appellant intended to commit during the burglary.

have a key to the residence or permission to be inside of the residence. *See* Trial Court Opinion, filed 3/4/22, at 3.

Further, at the time Appellant entered the residence, he possessed a controlled substance. The trial court was free to infer that Appellant entered the residence with the intent to consume the controlled substance therein, which in turn led to Appellant's erratic behavior, paranoia, and destruction of the residence's interior. Thus, based on the totality of the circumstances, we conclude the evidence was sufficient to establish the necessary intent for burglary. *See Lambert*, *supra*.

Moreover, Appellant challenges the sufficiency of the evidence for his conviction for possession of a controlled substance under 35 P.S. § 780-113(a)(16), which provides the following:

> (a) The following acts and the causing thereof within the Commonwealth are hereby prohibited:
>
> ***
>
> (16) Knowingly or intentionally possessing a controlled substance or counterfeit substance by a person not registered under this act, or a practitioner not registered or licensed by the appropriate State board, unless the substance was obtained directly from, or pursuant to, a valid prescription order or order of a practitioner, or except as otherwise authorized by this act.

35 P.S. § 780-113(a)(16).

Here, as indicated *supra*, Appellant contends the evidence was insufficient to establish that he possessed the controlled substance at issue. To establish the element of possession, this Court has held that "[p]ossession can be found by proving actual possession, constructive possession, or joint

constructive possession." ***Commonwealth v. Parrish***, 191 A.3d 31, 36 (Pa.Super. 2018) (citation omitted).

We have previously determined:

> Where a defendant is not in actual possession of the prohibited items, the Commonwealth must establish that the defendant had constructive possession to support the conviction. Constructive possession is a legal fiction, a pragmatic construct to deal with the realities of criminal law enforcement. We have defined constructive possession as conscious dominion, meaning that the defendant has the power to control the contraband and the intent to exercise that control. To aid application, we have held that constructive possession may be established by the totality of the circumstances.

> It is well established that, as with any other element of a crime, constructive possession may be proven by circumstantial evidence. In other words, the Commonwealth must establish facts from which the trier of fact can reasonably infer that the defendant exercised dominion and control over the contraband at issue.

***Parrish***, 191 A.3d at 36–37 (internal citations and quotations omitted).

To find constructive possession, the power and intent to control the contraband does not need to be exclusive to the appellant. Our Supreme Court has recognized that "constructive possession may be found in one or more actors where the item in issue is in an area of joint control and equal access." ***Commonwealth v. Johnson***, 611 Pa. 381, 26 A.3d 1078, 1094 (2011) (internal citation omitted).

Here, viewing the evidence in the light most favorable to the Commonwealth, as the verdict winner, we agree with the trial court that the evidence sufficiently establishes Appellant's constructive possession of the

controlled substance. Specifically, the evidence reveals Appellant entered the residence via the basement without permission and at a time when the owner, Mr. Allen, was not staying at the premises. Mr. Allen testified that, after he learned Appellant was at his residence without his permission, he returned to the residence and discovered the controlled substance in his bathroom. The trial court, as the finder of fact, believed Mr. Allen's testimony that the controlled substance did not belong to him, and no one else lived in the residence. Trooper Brandt testified Mr. Allen turned the controlled substance over to the police.

Accordingly, based on the totality of the circumstances, we conclude the evidence reveals Appellant brought the controlled substance into Mr. Allen's residence, and thus, the Commonwealth established sufficient facts from which the trial court could reasonably infer Appellant exercised dominion and control over the controlled substance. *See Parrish*, *supra*. Therefore, the evidence was sufficient to demonstrate Appellant's constructive possession of the controlled substance to sustain his conviction under 35 P.S. § 780-113(a)(16).

Appellant next contends the trial court's verdicts are against the weight of the evidence. Specifically, he contends there is no reliable evidence that he entered the Lake Township residence with a contemporaneous intent to commit a crime therein. Further, Appellant contends there is no credible

- 11 -

evidence that he brought the controlled substance into the residence or caused the damage to the interior of the residence.

In support of his weight claim, Appellant notes there is no evidence that he had any ill-will towards the homeowner, Mr. Allen, or that he was covered in dust or debris when Mr. and Mrs. Garriott discovered him at the residence on October 19, 2016. Thus, he contends the trial court's verdicts are against the weight of the evidence.[5]

When considering challenges to the weight of the evidence, we apply the following precepts. "The weight of the evidence is exclusively for the finder of fact, who is free to believe all, none[,] or some of the evidence and to determine the credibility of the witnesses." *Commonwealth v. Talbert*, 129 A.3d 536, 545 (Pa.Super. 2015) (quotation marks and quotation omitted). Resolving contradictory testimony and questions of credibility are matters for the finder of fact. *Commonwealth v. Hopkins*, 747 A.2d 910, 917 (Pa.Super. 2000). It is well-settled that we cannot substitute our judgment for that of the trier of fact. *Talbert*, *supra*.

Moreover, appellate review of a weight claim is a review of the trial court's exercise of discretion in denying the weight challenge raised in the post-sentence motion; this Court does not review the underlying question of whether the verdict is against the weight of the evidence. *See id.*

---

[5] Appellant adequately preserved his weight claim in the trial court. *See* Pa.R.Crim.P. 607.

- 12 -

Because the trial judge has had the opportunity to hear and see the evidence presented, an appellate court will give the gravest consideration to the findings and reasons advanced by the trial judge when reviewing a trial court's determination that the verdict is against the weight of the evidence. One of the least assailable reasons for granting or denying a new trial is the lower court's conviction that the verdict was or was not against the weight of the evidence and that a new trial should be granted in the interest of justice.

*Id.* at 546 (quotation omitted). Furthermore, "[i]n order for a defendant to prevail on a challenge to the weight of the evidence, the evidence must be so tenuous, vague and uncertain that the verdict shocks the conscience of the court." *Id.* (quotation marks and quotation omitted).

Here, in rejecting Appellant's weight of the evidence claim, the trial court relevantly indicated the following:

Appellant's counseled post-sentence motion argued that his convictions for burglary, criminal mischief, and possession of a controlled substance were against the weight of the evidence because the evidence failed to prove that he committed the crime inside the house[,]…he was not covered in the same debris, which was evident throughout the interior of the residence, and there was no evidence that he caused the damage.

Witnesses who knew and recognized [A]ppellant observed him at the property at the time that they first observed the damage to the residence. Indeed, [A]ppellant showed one of the witnesses the damage inside the residence. The owner of the property testified that [A]ppellant was not permitted at the residence. Credible testimony and photographs, which were offered as Commonwealth's exhibits one (1) through twenty (20), depicted significant the [*sic*] damage to the inside of the residence. A small quantity of controlled substance was found inside the residence[,] and [A]ppellant appeared as though he was under the influence of drugs. All the evidence presented in this case, both direct and circumstantial, points to [A]ppellant's guilt for each of his convictions. [The trial court] made credibility determinations in favor of the Commonwealth[,]…and [the trial court] rejected [A]ppellant's arguments that the interior damage

was the result of a remodeling projecting. For each of the foregoing reasons, [A]ppellant's claims that his [verdicts] were against the weight of the evidence are without merit.

Trial Court Opinion, filed 3/4/22, at 6-7 (citations to record omitted).

We conclude the trial court did not abuse its discretion in denying Appellant's challenge to the weight of the evidence. *Talbert*, *supra*. We note the trial court was free to determine the weight to be given to each witnesses' testimony, as well as reject Appellant's theory that he did not enter the residence with the intent to commit a crime therein and/or someone other than Appellant left the controlled substance in the residence and caused the damage to the residence. To the extent Appellant requests that we re-weigh the evidence and assess the credibility of the witnesses presented at trial, we decline to do so as it is a task that is beyond our scope of review. *See Commonwealth v. Collins*, 70 A.3d 1245, 1251 (Pa.Super. 2013) (stating that "[a]n appellate court cannot substitute its judgment for that of the finder of fact"). Accordingly, we find no merit to Appellant's weight of the evidence claim.

For all of the foregoing reasons, we affirm.

Affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>08/29/2022</u>